UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-196-KDB-DSC

| | | |
|---|---|---|
| **JENNIFER RAQUEL TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **E.H. MCDEVITT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of the *pro se* Amended Complaint, (Doc. No. 6). She is proceeding *in forma pauperis*. (Doc. No. 5).

## I. BACKGROUND

The *pro se* Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983[1] addressing incidents that allegedly occurred at Roses Discount Store and Plaintiff's family home in Hickory on December 12, 2018 and October 10, 2019. (Doc. No. 1 at 3). The Complaint was dismissed as frivolous and for failure to state a claim upon which relief can be granted and the Plaintiff was granted the opportunity to amend. (Doc. No. 5). The Amended Complaint, (Doc. No. 6), is now before the Court for initial review.

The Plaintiff names as Defendants: Long View police officers Sergeant Scott Pitts, Officer E.H. McDevitt, Officer K. Liedkie; and Roy Long Hartis "Skeet," the owner of Skeet's Wrecker Service. The Plaintiff alleges *verbatim*:

> Officer E.H. McDevitt 202 – unwarranted seizure of property, discrimination, conspiracy against rights under coloring of law 12/21/18 @ 1149 HWY 64, US HWY 70, SW Hickory NC 28602

---

[1] The Plaintiff also cites 18 U.S.C. §§ 241 and 242 and the Violent Crime Control and Law Enforcement Act of 1994, 242 Pub. L. 103-322 subsection 320103(b)(2)-(5), however, these federal criminal statutes provide no private cause of action.

1

Roy Long Harris "Skeet" – is liable for his federal employees unwarranted seizure of property, conspiracy against rights under coloring of law 12/21/18 @ 1149 HWY 64, US HWY 70, SW Hickory NC 28602

Officer K. Liedkie 361 – deprive me of pursuit of happiness by emergency detainment, staked me out without probable cause or evidence a crime had been committed, and abused his power on 10/10/2019 @ 1121 26th St. SW Hickory, NC 28602 in front of my home.

Sgt. Scott Pitts – deprived me of pursuit of happiness, duressed [sic], coerced, threatened aggravated kidnapping of my minor child through CPS/child protective services, and threatened aggravated robbery of my private property through malicious impoundment, and yet another unwarranted seizure of property until I informed Sgt. Scott Pitts that both he and Officer Liedkie were being recorded on 10/10/2019 @ 1121 26th St. SW Hickory, NC 28602 in front of my home.

All four of the above listed defendants lack jurisdiction.

(Doc. No. 1 at 4, 6).

Plaintiff seeks "restitution on Catawba County File No. 18-cr-5370;" $5,000 for "property damage;" and $14,200 for "pain and suffering for the deprivation of [her] rights." (Doc. No. 6 at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the

2

pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff has failed to explain how Defendant Pitts, who appears to be a private party, violated her rights under the color of law. Nor does she allege any facts describing how the Defendants violated her constitutional rights in any way. Indeed, the Amended Complaint is even more devoid of factual allegations than the original Complaint and sets forth no plausible § 1983 claim whatsoever. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the statement of the claim must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient). The Amended Complaint will therefore be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

The Amended Complaint is dismissed without prejudice as frivolous and for failure to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 6), is **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted.

2. The Clerk is instructed to close this case.

Signed: April 9, 2021

Kenneth D. Bell
United States District Judge